UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

ALEX HUMBERTO PICHARDO,

Defendant.

---

11-CR-507

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons is to be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On August 23, 2011, Alex Humberto Pichardo pled guilty to Count One of a two-count indictment. That count charged that on or about June 18, 2011, within the Eastern District of New York and elsewhere, Pichardo knowingly and intentionally imported 100 or more grams of a substance containing heroin into the United States, in violation of 21 U.S.C. §§ 952 and 960.

Palacios was sentenced on December 6, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be twenty-one and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between thirty-seven and forty-six months. The offense carries a maximum term of imprisonment of twenty years. 21 U.S.C. § 960(b)(3). The maximum fine is $1,000,000. *See id.*

Pichardo was sentenced to a year and a day of incarceration and to three years of supervised release. A special assessment of $100 was imposed, as was a fine of $5,000.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant's offense is a serious one, and he has admitted to smuggling drugs into the United States on one prior occasion. However,

he was a minor participant in the drug smuggling operation, and, other than these incidents, he appears to have been law-abiding. Defendant is thirty-five years old, is a citizen of the United States, and has a large and supportive family. He was born in New York and was raised in Puerto Rico. His father, for whom he worked for some time, supports him despite the instant prosecution. Defendant has two siblings and four paternal half-siblings; he has good relationships with all of them. Defendant has three children, all of whom reside in Puerto Rico. He is unmarried and has been involved in a romantic relationship for approximately two years; he and his girlfriend intend to remain together during his incarceration.

Mr. Pichardo appears to be remorseful for his actions and has generally been law-abiding. This crime appears to be aberrational. A sentence of a year and a day of incarceration, as well as the supervised release required and the fine imposed, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the term of incarceration imposed. The sentence will send a clear message that the importation of illegal narcotics will result in punishment. The defendant's incarceration will also serve to further the goal of specific deterrence. The court hopes that the defendant will refrain from further criminal activity in light of his family ties and his regret for his past misdeed.

Jack B. Weinstein
Senior United States District Judge

Dated: December 7, 2011
Brooklyn, New York